IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RYETONIO R. WALKER, )
 )
    Petitioner, )
 )
v. ) Civil Action No. 3:11cv75–HEH
 )
GENE M. JOHNSON, )
 )
    Respondent. )

## MEMORANDUM OPINION
(Granting Respondent's Motion to Dismiss)

Ryetonio R. Walker, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition").

Walker contends that he is entitled to relief upon the following grounds:

    Claim 1    Denial of effective assistance of counsel.
           (a)    Counsel failed to investigate Petitioner's mental and emotional status, including mental capacity and incompetence to stand trial;
           (b)    Counsel failed to conduct a thorough investigation and obtain a video tape from the police car;
           (c)    Counsel failed to prepare for trial by reviewing the transcripts from a previous hearing;
           (d)    Counsel failed to move for a continuance;
           (e)    Counsel failed to impeach the prosecution's witnesses with their inconsistent testimony;
           (f)    Counsel failed to object to inadmissible testimony from the prosecution's witnesses;
           (g)    Counsel performed deficiently during closing arguments;
           (h)    Counsel failed to secure exculpatory evidence; and,
           (i)    "[Part One] Appellate counsel failed to timely file certain documents and [Part Two] failed to file Petitioner's (Appellant's)

|        |                                                                                                                                                                                                                                                     |
|--------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|        | appeal, for which Petitioner had/has an absolute right, to file his direct appeal to the second tier, which is the state's highest court." (§ 2254 Pet. 16.)[1] |
| Claim 2 | Petitioner's "[c]onstitutional rights were violated by not being afforded an expert/forensic witness to testify at criminal trial in person." (*Id.*) |
| Claim 3 | "Violation of constitutional rights by being a conflict o[f] interest when the police that testified against Petitioner at trial also questioned Petitioner's material witness from another jail." (*Id.* at 16–17.) |
| Claim 4 | Petitioner's rights were violated when the Court of Appeals of Virginia "utilized matters that were never proven to justify their findings." (*Id.* at 17.) |
| Claim 5 | "Petitioner [sic] due process rights were violated by the state trial court judge." (*Id.*) |

Respondent has moved to dismiss. Respondent contends that Claim 1(i), 2, 3, and 4 are procedurally defaulted and Walker's remaining claims lack merit. Walker has responded. The matter is ripe for disposition.

## I. Procedural History

Following a bench trial, the Circuit Court for the County of Northampton ("Circuit Court") convicted Walker of possession of cocaine with intent to distribute, possession of a firearm while in possession of cocaine, and possession of a firearm by a convicted felon.

---

[1] For ease of reference, the Court employs the page numbers assigned to Walker's submissions by the Court's CM/ECF system. The Court has corrected the capitalization in the quotations to Walker's submissions.

2

Walker appealed his convictions to the Court of Appeals of Virginia. The Court of Appeals of Virginia denied Walker's petition for appeal. *Walker v. Commonwealth*, No. 1875-08-1 (Va. Ct. App. Feb. 19, 2009).[2] The Court of Appeals of Virginia aptly summarized the evidence of Walker's guilt as follows:

> [A]t approximately 1:30 a.m. on April 26, 2007, Virginia State Trooper C.S. Wade, driving an unmarked police car, turned onto a street in Northampton County known to be an "open air drug market[ ]." Deputy Steve Lewis of the Northampton County Sheriff's office and Investigator Rob Price of the Accomack County Sheriff's office accompanied Trooper Wade. The three officers were assigned to the multi-agency Eastern Shore Drug Task Force. Each officer wore street clothes and displayed his badge around his neck, visible on top of his shirt.
> The officers observed a Ford Taurus parked and idling with its lights turned off in front of a house known to be a narcotics "hot spot." Trooper Wade positioned his unmarked car "headlight to headlight" with the Taurus, and stopped approximately 15 feet from it. Deputy Lewis, in the front passenger seat of Wade's car, recognized appellant as being the driver of the Taurus. Deputy Lewis did not recognize appellant's sole passenger, who was seated in the front passenger seat.
> The officers got out of their car in order to speak with appellant and his passenger. Appellant, who knew Deputy Lewis was a police officer, suddenly drove his car in reverse, "spinning rock rather abruptly." The officers returned to their car to give pursuit. After driving in reverse for approximately 30 yards, appellant stopped his car. Appellant and his passenger "jumped out" of the car and ran toward a nearby row of houses. The officers pursued them.
> After a brief chase, the officers apprehended appellant, but were unable to find the passenger, whom they never identified. After Deputy Lewis read him the <u>Miranda</u> warnings, appellant stated that "he was just catching a ride with Amacio Stewart and . . . that he [could not] go back to jail for something that he did not do." In searching appellant incident to his arrest, the officers found $1,068 in his pants pocket, money he claimed to have earned by cutting hair.
> After they arrested appellant, the officers returned to the car he had been driving. The driver's and front passenger's doors were open, and the car's dome light was on. In a pocket of the driver's side door the officers

---

[2] Walker did not raise any of his current grounds for federal habeas corpus relief in his petition for appeal to the Court of Appeals of Virginia.

3

found a clear plastic bag containing individually wrapped "crack cocaine rocks." Subsequent testing by the Division of Forensic Science established that the bag contained 6.9 grams of crack cocaine. Expert testimony at trial established that the quantity and packaging of the cocaine found in the car was consistent with an intent to distribute, and inconsistent with personal use.

The officers found a loaded, .9 mm Ruger pistol in a "small plastic tray" on the floorboard of the car. The small tray was located in an opening between the driver's and front passenger's seats. Police found a partial palm print on the gun, but were unable to confirm or exclude appellant as the person who left the print on the gun.

The trial court denied appellant's pretrial motion to suppress "all alleged tangible evidence seized or statements taken from" appellant resulting from what he contended was his "unlawful stop" by the officers. At trial, the trial court denied appellant's motion to strike at the end of the Commonwealth's case-in-chief, as well as his motion to strike at the close of all the evidence. Appellant's brother and three of appellant's friends testified in his defense. The trial court expressly found the testimony of each of appellant's witnesses to be incredible, stating that "from their demeanor and from the way in which they responded to the questions and the things they said [they] prove themselves not to be credible witnesses." The trial court found appellant guilty of each of the charged offenses, stating: "The evidence is beyond a reasonable doubt that the defendant in this case was driving the automobile and that he was in possession of the cocaine and in possession of the firearm and knowingly so. And of course fled when he saw Steve Lewis, whom he knew to be a police officer."

*Id.* at 2–4 (second through fifth alterations in original; internal footnotes omitted).

Walker did not pursue a further appeal to the Supreme Court of Virginia.

On March 23, 2010, Walker filed a petition for a writ of habeas corpus with the Circuit Court ("State Habeas Petition"). In his State Habeas Petition, Walker raised essentially the same claims as he now presents in his federal habeas petition, except that Walker only raised Part One of Claim 1(i).[3] By Order entered July 6, 2010, the Circuit

---

[3] In his State Habeas Petition, Walker did not assert Claim 1(i) Part Two, that appellate counsel performed deficiently because he failed to pursue an appeal to the Supreme Court of Virginia.

4

Court denied Walker's State Habeas Petition. *Walker v. Dir., Dep't of Corr.*, No. CL10000063-00 (Va. Cir. Ct. July 6, 2010) ("*Walker Hab. Cir. Op.*"). As pertinent here, the Circuit Court found that Walker had defaulted Claims 2, 3, 4, and 5 under the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Walker failed to raise these claims on direct appeal. *Walker Hab. Cir. Op.* at 3. The Circuit Court found Walker's remaining claims lacked merit. *Id.* at 5–15.

Walker appealed that decision to the Supreme Court of Virginia. The Supreme Court of Virginia denied Walker's petition for appeal. *Walker v. Johnson, Dir. Va. Dep't Corr.*, No. 101935 (Va. Jan. 11, 2011).

## II. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has

the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles'" must be presented to the state court.'" *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner

6

would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[4] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### A.    Claims Barred by *Slayton*

Walker presented Claims 2 through 5 in his State Habeas Petition. The Circuit Court found these claims barred from review because Walker did not raise them at trial and on direct appeal.[5] *Walker Hab. Cir. Op.* 3 (citing *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974)). *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Therefore, Claims 2 through 5 are procedurally defaulted.

---

[4] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[5] Because the Supreme Court of Virginia summarily rejected Walker's petition for appeal, it is presumed that it dismissed Claims 2 through 5 for the reasons stated by the Circuit Court. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

### B. Claims Barred Under Va. Code § 8.01-654(b)(2)

In his State Habeas Petition, Walker did not raise Claim 1(i) Part Two wherein he faulted appellate counsel for failing to pursue a direct appeal to the Supreme Court of Virginia. Were Walker now to attempt to present Claim 1(i) Part Two to that court, the claim would be barred by section 8.01-654(B)(2) of the Virginia Code.[6] Section 8.01-654(B)(2) constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363–64 (4th Cir. 1996). Thus, Claim 1(i) Part Two is defaulted.

Walker has not alleged any basis for excusing his default. Accordingly, Claims 2 through 5 and Claim 1(i) Part Two are defaulted and will be dismissed.

### III. The Applicable Constraints Upon Federal Habeas Corpus Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas

---

[6] That statute provides, in pertinent part, that a petition for a writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing.... No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. § 8.01-654(B)(2) (West 2011).

8

corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### IV. Ineffective Assistance of Counsel

To demonstrate the ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to

determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Alleged Incompetence

In Claim 1(a), Walker alleges that he sustained an injury to his brain, which resulted in brain surgery less than two weeks before trial. (Pet'r's Reply (Dk. No. 15) 6.) Walker contends counsel performed deficiently by not raising the issue of Walker's competency because, at the time of his trial, Walker "was unable to speak or even remember enough of the events at issue to participate in [his] defense." (*Id.* at 7.)

"Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges. Similarly, neither low intelligence [nor] mental deficiency . . . can be equated with mental incompetence to stand trial." *Beck v. Angelone*, 261 F.3d 377, 388 (4th Cir. 2001) (internal citations and quotation marks omitted). In rejecting Claim 1(a) on state habeas, the Circuit Court, in the person of the same judge who had conducted Walker's bench trial, found, "Here, the record demonstrates Walker responded appropriately to all the questions put to him during his arraignment and the colloquy following. In particular, Walker expressly confirmed that he was ready for trial and he understood all the questions the court had asked of him." *Walker Hab. Cir. Op.* 6. Therefore, the Circuit Court found Walker had not demonstrated deficiency or prejudice. *Id.* Given Walker's responses to the Circuit Court's questions, Walker fails to demonstrate the Circuit Court's rejection of this claim was unreasonable. *See* 28 U.S.C. § 2254(d); *Beck*, 261 F.3d at 388 (observing "that counsel did not raise the issue of

10

competency provided powerful evidence that petitioner was competent" (citing *Burket v. Angelone*, 208 F.3d 172, 192–93 (4th Cir. 2000))). Accordingly, Claim 1(a) will be dismissed.

Relatedly, in Claim 1(d), Walker faults counsel for not moving for a continuance of Walker's trial until Walker had recovered sufficiently to participate in his defense. Because Walker fails to demonstrate he was not competent at the time of his trial, Walker has not established that counsel performed deficiently or that Walker was prejudiced by the lack of a continuance. Accordingly, Claim 1(d) will be dismissed.

### B. Alleged Inadequate Investigation

In Claims 1(b) and 1(h), Walker faults counsel for failing to obtain a video tape from the police car, which he alleges "would have proved that the petitioner was not the driver of the vehicle at the time of the incident at issue." (Pet'r's Reply 7.) The Circuit Court noted that Walker has not "established that, in fact, there was a camera in the police car and what evidence actually exists even if there was a camera." *Walker Hab. Cir. Op.* 6 (citing *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990)). Moreover, even in these federal habeas proceedings, Walker has not presented clear and convincing evidence to rebut the Virginia courts' factual finding that Walker was the driver of the vehicle encountered by Trooper Wade. *See Walker v. Commonwealth*, No. 1875-08-1, at 4 (Va. Ct. App. Feb. 19, 2009); 28 U.S.C. § 2254(e)(2). Accordingly, because Walker has not established deficiency or prejudice, Claims 1(b) and 1(h) will be dismissed.

In Claim 1(c) Walker faults counsel for failing to prepare for trial by reviewing the transcript of the suppression hearing to impeach Officer Lewis's testimony identifying Walker as the driver of the vehicle. Walker fails to identify, as he must, what testimony from the suppression hearing could have impeached Officer Lewis's testimony. *Beaver*, 93 F.3d at 1195 (citing *Bassette*, 915 F.2d at 940–41). Nor has Walker directed the Court to clear and convincing evidence to rebut the Circuit Court's finding that Walker was the driver of the vehicle. Accordingly, Claim 1(c) will be dismissed because Walker has not demonstrated deficiency or prejudice.

### C. Alleged Deficiency at Trial

In Claim 1(e), Walker contends that counsel should have highlighted the inconsistent testimony of Officers Lewis and Wade. Specifically, Walker contends, "Officer Wade testified that he did not exit his vehicle to pursue the suspects . . . and that the suspects fled in different directions. Contrarily, Officer Lewis testified that both officers exited their vehicle to pursue the suspects, and that the suspects fled in similar direction." (Pet'r's Reply 10 (internal citation omitted).) In dismissing this claim, the Circuit Court found,

> [A]lthough Deputy Lewis initially stated, "All of us exited the vehicle[,]" he also stated: "I don't even know if we all got all the way out of the car" before the silver car sped away in reverse.
> In addition, Deputy Lewis's complete testimony regarding the direction both suspects fled was: "[T]hey ran both in similar—the same direction, west. But the passenger ran, like, towards the back, kind of southwest." Thus, [Deputy Lewis's] full account of what happened does not contradict Special Agent Wade's account that Walker ran south and the passenger ran west.

*Walker Hab. Cir. Op.* 8–9 (second alteration in original; paragraph number omitted). Review of the record confirms the Circuit Court's conclusion that counsel reasonably eschewed emphasizing that the officers' accounts were contradictory. Accordingly, Claim 1(e) will be dismissed because Walker has not demonstrated deficiency.

In Claim 1(f), Walker contends that counsel performed deficiently for not objecting to the admission of a certificate of analysis identifying the substance recovered from the vehicle as cocaine. Walker asserts counsel should have objected that the admission of the certificate of analysis, in the absence of testimony from the chemist that performed the analysis, violated Walker right under the Confrontation Clause.[7] (Pet'r's Reply 11 (citing *Crawford v. Washington*, 541 U.S. 36 (2004)). As of February 11, 2008, the date of Walker's trial,

> *Melendez-Diaz v. Massachusetts*[, 129 S. Ct. 2527 (2009),] had not been decided and the question of whether or not a certificate of analysis was 'testimonial' within the meaning of *Crawford* and, therefore, required the physical presence of the chemist was an open question. Under then-existing Virginia precedent, the failure to invoke the statutory protections afforded by Code § 19.2-187.1[8] *prior to* trial resulted in a waiver of the *Crawford* objection.

---

[7] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI.

[8] This statute provided:

The accused in any hearing or trial in which a certificate of analysis is admitted into evidence pursuant to § 19.2-187 or § 19.2-187.01 shall have the right to call the person performing such analysis or examination or involved in the chain of custody as a witness therein, and examine him in the same manner as if he had been called as an adverse witness. Such witness shall be summoned and appear at the cost of the Commonwealth.

Va. Code Ann. § 19.2-187.1 (West 2008).

*Walker Hab. Cir. Op.* 9 (citing *Brooks v. Commonwealth*, 638 S.E.2d 131 (Va. Ct. App. 2006)).

Given these circumstances, Walker cannot demonstrate counsel performed deficiently by failing to make the objection he urges here. *See Pratt v. Clarke*, No. 2:10cv599, 2011 WL 3269643, at *6 (E.D. Va. June 1, 2011) (dismissing a similar claim). "Any objection to the introduction of the certificate of analysis on the grounds that it constituted testimonial evidence would have been futile at the time of [Walker's] trial.... [In] Virginia, certificates of analysis had been consistently treated as non-testimonial evidence." *Id.* (citations omitted)). Counsel's failure to anticipate a new rule of law does not render counsel ineffective. *Lenz v. Washington*, 444 F.3d 295, 307 (4th Cir. 2006) (quoting *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995)). Accordingly, Claim 1(f) will be dismissed.[9]

In Claim 1(g), Walker asserts counsel failed to provide an adequate closing argument. Given the evidence arrayed against Walker, he fails to demonstrate any reasonable probability of a different result had counsel emphasized different points in his closing argument. Accordingly, Claim 1(g) will be dismissed because Walker cannot demonstrate prejudice.

---

[9] In his Reply, Walker also faults counsel for not objecting to the prosecution's introduction of Walker's prior felony conviction, (Pet'r's Reply 12), and for not objecting to Officer Lewis's testimony on the grounds that it was not reliable. Counsel reasonably eschewed pursuing such frivolous objections. Walker's prior felony conviction was properly admitted to prove the charge of possession of firearm by a convicted felon and Walker fails to demonstrate Officer Lewis's testimony was objectionable.

### D.     Alleged Deficiency of Appeal

In Claim 1(i) Part One, Walker faults counsel for failing "to file the necessary documents relating to the suppression motion [*i.e.*, the transcript of the suppression hearing], causing the Court of Appeals to forego a decision on the merits of whether the Suppression motion was improperly denied." (Pet'r's Reply 16.) As explained below, Walker cannot demonstrate that he was prejudiced by appellate counsel's omission.

Specifically, on appeal, Walker argued that he had been unconstitutionally seized by the police. Walker argued that "a reasonable person would not feel free to leave with the actions of the police officers in pulling nose to nose with their headlights illuminated effectively blinding occupants and with all officers armed and with badges around their necks exiting the vehicle." Pet'r's Petition for Appeal 17, *Walker v. Commonwealth*, No. 1875-08-1 (Va. Ct. App. filed Dec. 5, 2008).

In rejecting this claim, the Circuit Court correctly noted, "'A seizure does not occur in the absence of physical force used by a law enforcement officer or a defendant's submission to an officer's assertion of authority.'" *Walker Hab. Cir. Op.* 13–14 (quoting *McCain v. Commonwealth*, 545 S.E.2d 541, 546 (Va. 2001)). "A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 844, 845 n.7 (1998); *California v. Hodari D.*, 499 U.S. 621, 626 n.2 (1991)). Because Walker fled, and did not submit to the authority of the police, no seizure occurred when the police approached

his vehicle. Thus, Walker fails to demonstrate that his challenge to the motion to suppress would have succeeded on appeal. Accordingly, Claim 1(i) Part One will be dismissed because Walker has not demonstrated prejudice.

## V. Conclusion

Respondent's Motion to Dismiss will be granted. The § 2254 Petition will be denied. The action will be dismissed and the Court will deny a certificate of appealability.[10]

An appropriate order will accompany this Memorandum Opinion.

                                                /s/
Date: March 9, 2012
Richmond, Virginia
                            HENRY E. HUDSON
                            UNITED STATES DISTRICT JUDGE

---

[10] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Walker is entitled to further consideration in this matter.